1  Radmila A. Fulton, CLS-B (89526)
   Law Offices of Radmila A. Fulton
2  1545 Hotel Circle So., Suite 275
   San Diego, CA 92108-3429
3  (619) 293-7737

4  Attorneys for Debtors
   Scott Wilson and Lisa Wilson

5

6

7              UNITED STATES BANKRUPTCY COURT FOR THE

8                 SOUTHERN DISTRICT OF CALIFORNIA

9  In re                          )   Case No. 09-15187-PB7
                                  )
10                                )   **DEBTORS' EX PARTE APPLICATION TO**
    SCOTT J. WILSON and           )   **ENLARGE TIME TO FILE**
11  LISA A. WILSON,               )   **REAFFIRMATION AGREEMENT WITH**
                                  )   **WACHOVIA DEALER SERVICES**
12                                )   **PURSUANT TO RULE 4008 AND**
                    Debtors.      )   **11 U.S.C. § 524(d)**
13                                )
                                  )   Date:   No Hearing Set
14                                )   Time:
                                  )   Dept: 4
15  _____ )   Hon. Peter W. Bowie

16      Debtors Scott and Lisa Wilson ("Debtors") hereby apply ex parte pursuant to Federal Rule of

17  Bankruptcy Procedure ("Rule") 4008 and 11 U.S.C. § 524(d) for enlargement of time to file their

18  reaffirmation agreement with Wachovia Dealer Services ("Wachovia"), and respectfully represent as

19  follows:

20                                    **I.**

21                     **INTRODUCTION AND BACKGROUND**

22      Debtors filed their Chapter 7 case on October 6, 2009.  Included as Property No. 11 on their

23  Statement of Intention was a 2007 Chevrolet Avalanche ("Vehicle"), which was to be retained by the

24  Debtors with the debt to be reaffirmed.  Wachovia sent a proposed reaffirmation agreement to Debtors,

25  wherein the debt of $32,199 was to be reaffirmed at 11.99% interest; monthly payments were set at

26  $671.29.

27      Debtors' counsel successfully negotiated a reduction in the interest rate to 4%, which reduced

28  the monthly payments to $546.21 (a savings of more than $125 per month).  These negotiations

1
2
3
4
5

concluded before the Debtors received their discharge (which was entered January 12, 2010) but the written agreement was not filed before the discharge was entered.  Wachovia will not execute the reaffirmation agreement without a Court order authorizing the late filed Reaffirmation. See, Declaration of Radmila A. Fulton served and filed herewith, ¶¶ 2-3.)  Debtors make this application to allow them to file the reaffirmation agreement with the Court.

## II.

## LEGAL ARGUMENT

### A.    Rule 4008 Allows the Court to Enlarge the Time to File a Reaffirmation Agreement.

Rule 4008 states that reaffirmation agreements shall be filed within 60 days of the first date set for the 341(a) meeting, but also states that a "court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement."  The Advisory Committee Note to the 2008 amendment of this rule, wherein the deadline was established, states that if "the parties are unable to file a reaffirmation agreement in a timely fashion, the rule grants the court broad discretion to permit a late filing."

### B.    11 U.S.C. § 524(d) Allows the Filing of a Reaffirmation Agreement after Discharge.

Section 524(d) of the Bankruptcy Code states a court may hold a hearing to determine whether to grant a debtor a discharge.  At the hearing, if a "discharge has been granted and if the debtor desires to [enter into a reaffirmation agreement] and was not represented by an attorney during the course of negotiating such agreement, then court shall hold a hearing . . . ."  From this section, it can be inferred that where, as here, the debtor was represented by counsel during the negotiation of the reaffirmation, then a hearing does not need to be held.  This follows the general rule that no hearing is held on reaffirmations when a debtor is represented by counsel.  Reaffirmation agreements signed by debtors after a discharge are not *per se* invalid.  <u>Arruda v. Sears, Roebuck & Co.</u>, 310 F.3d 13 (1st Cir. 2002).

### C.    Based on Applicable Law, this Court Can Allow the Filing of the Reaffirmation Agreement with Wachovia.

Based on the above, this Court can allow the filing of the agreement between Debtors and

In re Scott and Lisa Wilson
Case No. 09-15187-PB7
Debtors' Ex Parte Application to Enlarge Time to File Reaffirmation
Agreement with Wachovia Dealer Services Pursuant to Rule 4008 and 11 U.S.C. § 524(d)                    Page 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wachovia to reaffirm the debt secured by the Vehicle.  Debtors have been represented by counsel in negotiating the reaffirmation, and the reaffirmation will allow them to keep their Vehicle and save $125 per month over what their payments would have been with the original proposal by Wachovia. Fulton Declaration, ¶ 4.

WHEREFORE, Debtors request that the Court grant their Ex Parte Application and enlarge the time to allow Debtors to file the  reaffirmation agreement with Wachovia and for such other and further relief as this Court deems just and proper.

LAW OFFICES OF RADMILA A. FULTON

DATED: <u>January 14, 2010</u>            By:<u>*/s/ Radmila A. Fulton*</u>
                                                          RADMILA A. FULTON, Attorneys for Debtor

In re Scott and Lisa Wilson
Case No. 09-15187-PB7
Debtors' Ex Parte Application to Enlarge Time to File Reaffirmation
Agreement with Wachovia Dealer Services Pursuant to Rule 4008 and 11 U.S.C. § 524(d)                    Page 3